IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

BLUEFIELD DIVISION

**LORI TUCKER,**

    **Plaintiff,**

v.                                                               **Case No.:  1:19-cv-00227**

**PRINCETON COMMUNITY HOSPITAL
ASSOCIATION, INC., et al.,**

    **Defendants.**

**MEMORANDUM OPINION and ORDER**

Pending is Defendants' Motion for Attorney's Fees. (ECF No. 180). For the reasons that follow, the Court **DENIES** the Motion.

**I.**    **Relevant Background**

On January 8, 2021, Defendants filed a Motion for Protective Order concerning upcoming depositions of two of the defendants, Dr. Wallace Jennings Horne and Dr. Wesley L. Asbury. (ECF No. 172). Defendants explained that Plaintiff was demanding the defendant physicians wear transparent masks during their depositions. Defendants argued that Plaintiff had no right to dictate the type of mask worn by the deponents and sought a protective order confirming that position. Plaintiff opposed the motion for protective order, stating that she had a right to clearly see the defendants' faces when they testified. Plaintiff provided some support for her position, including various orders issued by other courts on the subject of masks worn by witnesses. (ECF No. 173). After considering the matter, the Court granted the motion for protective order. Upon granting

the motion, Defendants were advised that if they wished to pursue their request for reimbursement of reasonable fees under Fed. R. Civ. P. 37(a)(5), they were required to support that request in the manner set forth in *Robinson v. Equifax Info. Servs., LLC*, 560 F.3d 235, 243 (4th Cir. 2009).

On February 3, 2021, Defendants filed the instant motion and attached exhibit. (ECF No. 180). In the motion, Defendants argue that Plaintiff's clear plastic mask requirement was without merit, and that Plaintiff refused reasonable alternatives offered by Defendants. Defendants supplied information regarding their counsels' hourly rates, time expended, and the various other factors considered by courts in awarding attorneys' fees.

Plaintiff responded to the motion by pointing out that the dispute between the parties over transparent masks involved a "novel" issue, and other courts had required witnesses to wear transparent face shields or masks when testifying. (ECF No. 190). Accordingly, Plaintiff contended, she was justified in making the request and opposing the motion for protective order. Plaintiff also argued that the fees requested were excessive when considering the relevant factors.

## II. Analysis

Federal Rule of Civil Procedure 26(c) governs protective orders. Rule 26(c)(3) provides that when an award of expenses is contemplated in connection with the granting or denial of a protective order, the analysis and calculation is guided by Rule 37(a)(5). Rule 37(a)(5)(A) provides:

> *If the Motion Is Granted (or Disclosure or Discovery Is Provided After Filing).* If the motion is granted--or if the disclosure or requested discovery is provided after the motion was filed--the court must, after giving an opportunity to be heard, require the party or deponent whose conduct necessitated the motion, the party or attorney advising that conduct, or both

2

> to pay the movant's reasonable expenses incurred in making the motion, including attorney's fees. But the court must not order this payment if:
> **(i)** the movant filed the motion before attempting in good faith to obtain the disclosure or discovery without court action;
>
> **(ii)** the opposing party's nondisclosure, response, or objection was substantially justified; or
>
> **(iii)** other circumstances make an award of expenses unjust.

Fed. R. Civ. P. 37(a)(5)(A). Plaintiff relies on subsection (ii) as her basis for arguing that an award of fees is not appropriate in this case. A legal position is "substantially justified" when there is a "genuine dispute" as to proper resolution or if "a reasonable person could think [the legal position] correct, that is, if it has a reasonable basis in law and fact." *Decision Insights, Inc. v. Sentia Grp., Inc.*, 311 F. App'x. 586, 599 (4th Cir. 2009) (quoting *Pierce v. Underwood*, 487 U.S. 552, 565 (1988)). "[T]o avoid the imposition of costs, 'parties must sufficiently argue that they were substantially justified in their actions.'" *Branch v. Bank of Am.*, No. PWG-11-3712, 2013 WL 1742012, at *3 (D. Md. Apr. 22, 2013) (quoting *Kemp v. Harris,* 263 F.R.D. 293, 296–97 (D. Md. 2009)).

Having considered Plaintiff's reasons for insisting that the defendant physicians wear transparent masks, and noting that some courts have imposed unique requirements related to witness testimony and masks, the Court agrees with Plaintiff that the issue is a novel one brought about by a once-in-a-century pandemic. Thus, Plaintiff was substantially justified in maintaining her position. While it is true that Defendants attempted to find reasonable and acceptable alternatives, Plaintiff's decision to defend her request for transparent masks was warranted given that the law on the subject was sparse and some of it arguably favored Plaintiff's demand.

As the Court has found Plaintiff's position to be substantially justified, an award of attorney's fees would not be appropriate in this case. Consequently, there is no reason for

the Court to address the issue of the reasonableness of the fees sought by Defendants.  It is so **ORDERED**.

The Clerk is directed to provide a copy of this Order to counsel of record.

**ENTERED:** March 8, 2021

_____
Cheryl A. Eifert
United States Magistrate Judge